# Third District Court of Appeal

## State of Florida

Opinion filed March 4, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1956
Lower Tribunal No. 19-31512-CA-01
_____

**Mario Izquierdo,**
Appellant,

vs.

**Universal Insurance Company of North America,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Vivianne del Rio, Judge.

The Nation Law Firm, and Mark A. Nation and Paul W. Pritchard (Longwood), for appellant.

Traub Lieberman Straus & Shrewsberry, LLP, and David T. Burr and C. Ryan Jones (St. Petersburg), for appellee.

Before SCALES, C.J., and EMAS and LOGUE, JJ.

SCALES, C.J.

In this first-party insurance case, appellant Mario Izquierdo, the plaintiff below, appeals a September 15, 2022 final summary judgment for the defendant below, appellee Universal Insurance Company of North America ("Universal"). In the challenged judgment, the trial court found that, as a matter of law, the cracking damage to Izquierdo's home was excluded from coverage under the subject policy's earth movement and existing damage exclusions. Because genuine disputes of material fact remain as to whether the policy exclusions apply here, we reverse the challenged judgment and remand for further proceedings.

The trial court's final summary judgment is subject to a *de novo* standard of review. See Valer v. Citizens Prop. Ins. Corp., 404 So. 3d 570, 576 (Fla. 3d DCA 2025). The parties' burdens at summary judgment were framed by their respective burdens at trial. Izquierdo's Homeowner's HO-3 – Special Form Policy with Universal was an all-risk policy that generally covered all losses unless specifically excluded therein. Id. at 578. As such, Izquierdo bore the initial burden of proving only that his home "suffered a loss while the policy was in effect." Id. The burden then shifted to Universal to show that the loss fell under an exclusion set forth in the policy. Id. If Universal presented competent evidence that a policy exclusion applied, the burden then shifted back to Izquierdo to show there was a genuine dispute

of material fact as to the exclusion's application. See Deshazior v. Safepoint Ins. Co., 305 So. 3d 752, 755 (Fla. 3d DCA 2020).

Izquierdo met his initial burden of proving that his home was damaged during the policy period. Izquierdo testified at his deposition and attested in his affidavit that, during the policy period, his home shook from blasting at a nearby rock quarry following which he noticed extensive cracks to the home's interior flooring and exterior walls. Having met his initial burden, the burden then shifted to Universal to show that a policy exclusion applied.

*A. The Earth Movement Exclusion*

Universal's summary judgment motion argued that the cracking damage was excluded from coverage by the policy's earth movement exclusion.[1] As support, Universal submitted an engineering report that

---

[1] This policy exclusion provides, in relevant part:

**SECTION I – EXCLUSIONS**

A.    We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

. . . .

2. **Earth Movement**

determined blasting vibrations from the rock quarry had caused soil displacement around the home that resulted in the cracking damage to the home.

In opposition to Universal's summary judgment motion, Izquierdo provided the expert affidavit of engineer Sonny Gulati. In his affidavit, Gulati attested that the rock quarry's blasting activities released land shock waves that reached and physically struck Izquierdo's home and caused the home to shake, resulting in the cracking damage. Importantly, Gulati stated that the cracking damage was not caused directly or indirectly by any earth movement, including soil movement resulting from blasting.

Gulati's expert affidavit was sufficient to create a genuine factual dispute over the cause of the cracking damage. As this Court held in <u>Tower Hill Prime Insurance Co. v. Bermudez</u>, 388 So. 3d 165, 169-70 n.3 (Fla. 3d

---

Earth Movement means:

a.     Earthquake, including land shock waves or tremors before, during or after a volcanic eruption;
b.     Landslide, mudslide or mudflow;
c.     Subsidence or sinkhole; or
d.     Any other earth movement including earth sinking, rising or shifting;

Caused by or resulting from human or animal forces or any act of nature unless direct loss by fire or explosion ensues and then we will pay only for the ensuing loss.

4

DCA 2023), when it construed a sufficiently similar policy exclusion, cracking damage caused by land shock waves, without attendant earth movement, is not excluded from coverage by an all-risk policy. See also Carrascal v. Scottsdale Ins. Co., 557 F. Supp. 3d 1247, 1250 (S.D. Fla. 2021) (finding that an all-risk policy's identical earth movement exclusion did not apply to damage caused by land shock waves after rock quarry blasting). Hence, if the jury finds, as a factual matter, that the cracking damage was caused by land shock waves, without attendant earth movement, then the subject earth movement exclusion will not apply.

*B. The Existing Damage Exclusion*

Universal's summary judgment motion also argued that the cracking damage was excluded from coverage by the policy's existing damage exclusion.[2] As support, Universal relied upon (i) evidence that purported to

_____

[2] This provision provides, in relevant part:

**EXISTING DAMAGE EXCLUSION ENDORSEMENT**

It is understood and agreed that this policy is not intended to and does not provide coverage for any damages which occurred prior to policy inception.

It is also understood and agreed that this policy is not intended to and does not provide coverage for any claims or damages arising out of workmanship, repairs and/or lack of repairs arising from damage which occurred prior to the policy inception.

5

show that rock quarry blasting had occurred before the policy's November 23, 2016 effective date, and (ii) Izquierdo's affidavit, wherein Izquierdo stated: "I noticed a very small crack in the dining room floor tile when I purchased the property in November 2016, and a small crack in the garage floor. That is the only cracking damage I noticed when I purchased the home."

In opposition to Universal's summary judgment motion, Izquierdo relied upon his deposition, wherein Izquierdo plainly testified that, during the policy period and following the blasting activities, he witnessed numerous new cracks throughout his home. Thus, genuine factual disputes remain as to whether the damage was preexisting and whether this policy exclusion applies.

Accordingly, we reverse the challenged final summary judgment and remand the case for further proceedings.

Reversed and remanded.